[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO REOPEN MEMORANDUM OF DECISION (#111) AND OBJECTION TO MOTION TO REOPEN MEMORANDUM OF DECISION (#114)
Both motions were heard on October 16, 2001 at 2:00 P.M. The court received a transcript of the hearing on November 8, 2001 about 3:00 P.M.
The Judgment records "that on count three of the complaint, the plaintiffs recover of the defendants the sum of $14,500.00 plus costs and entered under paragraph 4 of the claims for relief"
Defendants' attorney claims that the issue of damages under the Third Count was limited solely to the personal liability of the defendant Kabir Akhand. This claim relies on defendant attorney's conclusion that Akhand "was acting outside the scope of authority with regard to All-Pro Siding Windows and not as its agent or representative." Paragraph 28 of the Complaint.
On August 3, 1999, plaintiff contacted the Department of Consumer Protection for assistance in returning her money. Defendant Akhand failed to respond to plaintiffs' requests and/or inquiries. Defendant Akhand's CT Page 15440 promised assistance in financing never materialized.
Plaintiffs' exhibit B indicates the attorney for plaintiffs met on September 10, 1999 up to and including May 2, 2000 for a total of 13.5 hours @ $185.00 per hour for total earned fees of $2,497.50.
The civil summons dated September 29, 1999 alleges three counts. Breach of Contract, CUTPA, and Conversion. The "Claims For Relief" as stated correspond to the evidence of record and cover "such other relief that the court deems proper."
Defendant Kabir Akhand received in hand service. Defense attorney filed an appearance dated November 5, 1999.
A motion for default for failure to plead was granted on February 15, 2000 and notice sent on February 17, 2000.
On March 30, 2000 defendants filed an Answer, Special Defense and Counterclaim. On April 28, 2000 plaintiff filed a Reply to Special Defense and Answer to Counterclaim.
Plaintiffs' attorney filed a Certificate of Closed Pleadings for all other nonjury matters (court trials). On May 30, 2000, defendant filed a Motion for a Continuance. (#106).
The file indicates (#107) that the defendants were defaulted for failure to appear and defended the trial scheduled for November 2, 2000.
The cancelled check in evidence supports the conclusion Kabir Akhand received $5,000.00 and converted it to his own use stating untrue facts that deprived plaintiffs of said sum for an indefinite period of time, and failed to perform any services. His conduct supports the conclusion that his conscious objective was to convert and he did convert said sum to his own use.
The motion to reopen is granted as requested as paragraph 28 of the complaint clearly states that Akhand was acting outside the scope of authority with regard to All-Pro Siding Windows on count three.
John N. Reynolds Judge Trial Referee